UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALERIE HERNANDEZ,

    Plaintiff,

v.                                      Case No. 8:22-cv-1056-MAP

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to appropriately consider Plaintiff's educational background. As the ALJ's decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    I.    *Background*

Plaintiff, who was born in 1964, claimed disability beginning October 18, 2016, which she later amended to October 24, 2019 (Tr. 46, 66-68, 271). She was 54 years old on the amended alleged onset date. Plaintiff obtained a high school education and had no past relevant work (Tr. 54, 69-70, 303). Plaintiff alleged disability due to depression, anxiety, panic attacks, post-traumatic stress disorder (PTSD), type-2

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

diabetes, asthma, high blood pressure, vertigo, gastroesophageal reflux disease, and pain in her left leg (Tr. 302).

Given her alleged disability, Plaintiff protectively filed an application for SSI (Tr. 271-80). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 139-85, 188-210). Plaintiff then requested an administrative hearing (Tr. 211-13). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 61-88). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 43-60).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 28, 2020, the application date (Tr. 49). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: depression, anxiety, PTSD, obesity, diabetes mellitus, hypertension, asthma, and obstructive sleep apnea (Tr. 49). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 49). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to lift up to 50 pounds occasionally, to lift and carry up to 25 pounds frequently, and stand, walk, and/or sit for about six hours each during an eight-hour workday with normal and customary breaks; could occasionally climb ladders, ropes, and scaffolds; could frequently climb ramps and stairs; could frequently balance, stoop,

kneel, crouch, and crawl; should avoid concentrated exposure to extreme cold, noxious fumes and gases, and hazards; and could perform simple, routine tasks with occasional interaction with coworkers, supervisors, and the public (Tr. 51).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 51).

The ALJ indicated that Plaintiff was 55 years old, which is defined as an individual of advanced age, on the date Plaintiff filed the application and that Plaintiff had at least a high school education and no transferable skills, as Plaintiff had no past relevant work (Tr. 55).  Given Plaintiff's background and RFC, the vocational expert (VE) testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a stores laborer, a hand packager, and a paperboard box maker (Tr. 55, 79-86).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 56).  Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7, 266-68).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### II.     *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. § 416.920(a)(4)(i)-(iv).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and

4

work experience. 20 C.F.R. § 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g);

*Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

    III.    *Discussion*

Plaintiff solely argues that the ALJ erred by failing to properly consider Plaintiff's educational background as a vocational factor. According to Plaintiff, the ALJ improperly relied solely upon Plaintiff's formal schooling in determining that Plaintiff had a high school education. At the same time, Plaintiff concedes that, under the applicable regulation, if no other evidence exists contradicting a claimant's educational background, the SSA will use a claimant's numerical grade level to determine the claimant's educational abilities. Namely, at the time of the ALJ's decision, the regulations stated that education was primarily used to mean schooling or other training which contributed to a claimant's ability to meet vocational requirements, for example, reasoning ability, communication skills, and arithmetical ability. 20 C.F.R. § 416.964(a).[2] At that time, the SSA evaluated a claimant's education under the following framework:

> (b) How we evaluate your education. The importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of your physical or mental impairment(s) and by what you have done with your education in a work or other setting. Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower.

---

[2] The cited references to the regulations pertain to those in effect at the time the ALJ rendered the decision.

> However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities. The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education. In evaluating your educational level, we use the following categories:
>
> ***
>
> (3) Limited education. Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.
>
> (4) High school education and above. High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work.

20 C.F.R. § 416.964(b)(3)-(4). Notwithstanding, Plaintiff posits that the ALJ's finding that Plaintiff could perform simple, routine tasks combined with Plaintiff's lack of any significant work history more appropriately support a finding that Plaintiff fell within the limited education category, where she would be precluded from performing the more complex job duties needed in semi-skilled or skilled work.

In support of her position, Plaintiff relies upon a case from the District of Oregon, *Leedy v. Colvin*, No. 6:16-cv-00062-MC, 2017 WL 436390 (D. Or. Feb. 1, 2017). Plaintiff interprets *Leedy* as concluding that the claimant met the vocational profile for a limited education rather than a high school education under similar circumstances, leading to a finding that the plaintiff was disabled the month she attained the age of 55 because she met the medical-vocational profile of 20 C.F.R. §

416.962(b).[3] Plaintiff's counsel advanced a similar legal argument to the ALJ at the close of the administrative hearing, specifically referencing *Leedy* (Tr. 86-87). Effectively, Plaintiff's counsel argues that, if Plaintiff was limited to simple work while being over the age of 55 with no past relevant work, she should be considered to have a limited education and therefore disabled as of the month she attained the age of 55 under 20 C.F.R. § 416.962(b) (Tr. 87). The ALJ explicitly addressed the *Leedy* opinion in the administrative decision, correctly concluding that the case was not binding, the facts in *Leedy* were materially different, and Plaintiff completed both high school and a certified nurse's assistant (CNA) program and therefore met the requirements of a high school education under the applicable regulation (Tr. 46-47, 55).

Indeed, as the ALJ concluded, the facts in *Leedy* were materially different. In *Leedy*, the plaintiff dropped out of school after finishing the eighth grade, obtained a GED certificate in 1980, had no relevant work experience after obtaining her GED, was homeless many of the years between obtaining her GED and filing for benefits, earned more than $400 in only three years since obtaining her GED, and earned about $700 in 1991, the last year she reported earnings. *Leedy*, 2017 WL 436390, at *3. In this instance, Plaintiff completed high school with no special education courses or noted difficulties, subsequently completed training as a CNA, and held several positions as a CNA (although those jobs did not rise to the level of substantial gainful

---

[3] The regulation provides that, if a claimant has a severe, medically determinable impairment(s), is of advanced age (age 55 or older), has a limited education or less, and has no past relevant work experience, the SSA will find the claimant disabled. 20 C.F.R. § 416.962(b).

activity) (Tr. 70, 303, 317-24, 628).

The ALJ therefore properly found that Plaintiff obtained at least a high school education based on the nonconflicting evidence of record, which included statements Plaintiff made during the application process and during the administrative hearing as well as findings in the other evidence (Tr. 55).  For example, during the application process, Plaintiff indicated that she completed the twelfth grade and did not attend special education classes (Tr. 303).  At the administrative hearing, the ALJ addressed Plaintiff's educational background, wherein the ALJ stated that Plaintiff graduated high school and asked whether Plaintiff later went on to become a CNA (Tr. 70). Plaintiff did not correct the ALJ to indicate that she had not in fact graduated high school but rather agreed and then stated that she became a CNA in 1999 (Tr. 70, 628).

Later, in posing the hypotheticals to the VE, the ALJ described the hypothetical individual as a "high school graduate with no past relevant work" (Tr. 79-80, 82-85). The VE responded to the hypotheticals, identifying the jobs as a stores laborer, a hand packager, and a paperboard box maker as fitting within the hypothetical individual's capabilities (Tr. 55, 79-86).  When Plaintiff's counsel later questioned the VE about whether such jobs could be done without a high school education, the VE responded in the affirmative (Tr. 86).  Plaintiff's counsel rephrased, asking whether, even if someone had a limited education, such individual could still do those jobs (Tr. 86). The VE again responded in the affirmative, noting that the jobs required only short demonstration or up to 30 days to learn the job requirements (Tr. 86).

Beyond that, Plaintiff's statements during a psychological evaluation with

Michelle Ayala-Feliciano, Psy.D., provided further support for the ALJ's finding. Based on Plaintiff's responses to a clinical interview, Dr. Ayala-Feliciano noted that Plaintiff had no history of learning difficulties or grade repetition while in school (Tr. 628). Plaintiff further reported that she obtained a high school diploma in 1982 and completed a CNA program in 1999 (Tr. 628). Accordingly, Plaintiff's statements both to Dr. Ayala-Feliciano and throughout the administrative process provided uncontradicted evidence of Plaintiff's numerical grade level. Against that backdrop, the ALJ correctly identified Plaintiff's educational background as that of a high school education in accordance with 20 C.F.R. § 416.964(b) in finding Plaintiff not disabled. Remand is thus unwarranted.

## IV.  Conclusion

For the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence. Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 13th day of July, 2023.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE